Our first case this morning will be Wilcox v. Veterans Administration. Mr. Moore. Thank you, Your Honor. It's nice to be back in the district. I was a student here a half century ago. It was my best semester. Welcome back. Thank you, Your Honor. Mr. Wilcox was in the Navy and injured when he left. Really, before he left the service, he applied for a disability pension. He later had to apply again because the government, having first objected that he came to the Navy as damaged goods and had been previously disabled, found that he was able to establish, and it was so ruled, that he was not previously disabled, but that he had incurred his injury and disability in the line of duty. He applied for disability and the government, having first objected that he was damaged goods, then objected that he had not made a prior application. He had not applied for a disability pension until April 8, 1992. In fact, he had applied on June 1, 1978. This was duly noted in the medical records. The government insisted that he show us the money. Did he raise the question of the effective date in his 1992 appeal? I don't know that the question of the effective date was litigated then, but the objection of the government has been that he did not, in fact, apply earlier. But when he got a ruling, when he was granted service connection in, I believe, 1998, there was a statement of the effective date, and he did not object to the effective date determination at that time, correct? It may have been simply that he was too ignorant of the procedures to appeal that, but he should not have been in that position because, in fact, he had applied earlier, and by chance, he recently found a copy of the application, which is in the appendix, and A44 and A45. But that wasn't submitted until the time of this appeal, right? Sorry? That was not submitted to the VA. That was only offered on appeal to this court, right? The government's position is that it has to be submitted to the VA. But my question is, it was not submitted to the VA, right? No, Your Honor. You brought it up for the first time on this appeal, right? He left it with the VA. No, no, no. You brought it up for the first time on this appeal, right? You didn't raise this issue or didn't raise this document with the VA or with the Court of Appeals for Veterans Fund. We raised the issue without having the document because of the notations in the records. But the government said, well, the notations are fine, but we don't see the document. It was not received by the VA. But the government's position is that it has to be received by the VA, and we maintain that leaving it with the Navy when he executed it while still in military jurisdiction was essentially delivery to the VA. But moreover, the statutes and regulations do not say receipt by the VA. They just speak in terms of receipt. And either actually or constructively, actually in law or constructively, this court can well find that the execution of the application on June 1, 1978, and it's being retained by the Navy to be submitted to the VA was tantamount to a receipt by the VA. We appreciate the jurisdictional implications of this, and the court must be confident of its jurisdiction. But I think the jurisdiction is there, and that the destruction or loss by the Navy, which apparently happened because the request to bring forth or gather evidence was not sent to Mr. Wilcox. So he was put in the position of falling into these procedural traps because of the impropriety or the ineptitude and the loss of this vital outcome determining document. It seems clear that a fair evaluation and consideration of this document, which the government has been considering and discussing as a very important document, which was not there, is suddenly there, but suddenly it's no longer important. We think it's crucial and that the existence of it, the fact that it was sent by the Navy to Mr. Wilcox, or a copy of it was, proves his story that he executed and left it with the Navy on June 1, 1978. So the effective date should be the date of his injury by the military hospital on the 24th of April, 1978, as reflected by the document at A44 and A45. Anything further, Mr. Moore, or should we hear from the government? We think the government has, or this Court has, jurisdiction to do the right thing, if it's willing to do so, and the power and the rationale for doing justice in this case. Okay. Thank you, Mr. Moore. Ms. Lynch. Good morning, Your Honors. May it please the Court. This case is relatively straightforward. Let me ask you a question. Let me give you a hypothetical. Suppose that there's a 1998 decision giving an effective date of 1992, because the VA record shows that's the first time that there was an application for benefits. But let's assume that the veteran discovers newly discovered evidence in the form of an application for benefits from 1978. And he brings that to the VA and says there's new and material evidence. This is it. I want to reopen the 1998 decision and get an earlier effective date. Is that procedure available to him, or would the VA say to him, well, that's too bad. Under the new and material evidence regulations, you can't get an effective date earlier than the date of the new and material evidence application. Do you understand what I'm saying? Yes, Your Honor. To the extent that such evidence may exist and the determination should be made in the first instance at the Regional Office Board and Veterans Court, that could be filed as a Q claim, a claim for clear and unmistakable evidence. Well, I'm assuming it couldn't be in the sense that we're not dealing with something that was in the record of the earlier proceeding. It's new and material evidence. You'd need to consult with... I'm sorry, Your Honor. That's okay. If you want to consult, answer the question. That would be considered. That document, if it was determined to have been filed in 1978, would be constructively before the Veterans Court, before the Board, before the Veterans Administration. So it would be the basis for a Q claim is what you're saying? It could be, yes. Could be, or in the hypothetical, would be? In the hypothetical, it would be. So he could, based on the fact that it was in the record before the VA, he could have gotten, he could get the earlier effective date through a Q claim. If it was found to have been in the record before the Veterans Administration. Yes, that is correct, Your Honor. Unfortunately here, we do not have any evidence to demonstrate that this evidence was before the Veterans Administration, back in 1978 and 1992, and currently it's clear that in the first instance it's being raised here. And that's because this was never filed as a Q claim. In this case, there was no Q claim filed. That is correct, Your Honor. The Veterans Court specifically found that no Q claim had been filed. But the Veteran would not be foreclosed, even if we affirm, the Veteran would not be foreclosed in filing a Q claim in this case if indeed he could establish that fact. That is correct, Your Honor. Suppose he didn't give it to the VA, in my hypothetical, but gave it to the Navy, which said, don't worry, we'll transmit it to the VA for you. And they didn't do it. Would he still have a Q claim? That is outside the scope of what this case currently presents, but that possibly could be considered a Q claim. That would be for the Regional Office Board of the Veterans Court to decide. Even with new and material evidence, what would the earliest date for connection be? Under the new and material evidence standard, the earliest date for connection would be April of 1992, which is currently the date that Mr. Wilcox applied for benefits. There's no evidence to the contrary that he applied any earlier that this Court can currently consider. So he has everything that the law can possibly give him right now. That is correct, Your Honor. So it's the only remedy to get an earlier effective date based on additional documentation would be a Q claim rather than a new and material evidence claim. That is correct. A Q claim filed in the first instance with the Regional Office. Thank you, Your Honors, for the reasons outlined in our briefs. We respectfully request that you affirm the decision of the Veterans Court. Thank you, Ms. Lynch. Mr. Moore, would you like to respond briefly? Your Honor, it's remarkable that the government has taken the position that the Navy should be rewarded for its total ineptitude or malice. They're not saying that. They're saying if you want to start over again with the Regional Office and submit the documentation, you may have a claim. It's not permissible to bring in new evidence when you're on appeal. If you want to start a Q claim before the Regional Office, you can do that. You can bring a clear and unmistakable error claim at any time. So you could do that tomorrow if you wished. Well, Your Honor, maybe the court should consider simply remanding it to a Regional Office. We have nothing to remand. We have to have a decision that requires revisiting. In this case, the earliest time that you applied for benefits is 1992. You have all the benefits dated that far back. If you want to go before 1992, you'd have to start over. I think that's what Judge Dyke was trying to say. It appears that we might be relegated to that which would just further delay the award of benefits that have been improperly withheld. Well, it may be another step or two, but you might get the result you desire. You can't get that result by filing a freestanding claim at this late date. Well, Your Honor, I suggest that it's not really a freestanding claim, that it's grounded on the new and material evidence that this court might not wish to consider it. In its sound discretion, it could consider the newly discovered evidence. I would urge the court to consider that. Okay. Thank you, Mr. Moore.